```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
       COOKEVILLE DIVISION

TERESA PATTERSON, et al.,    )
                             )
        Plaintiffs           )
                             )    No. 2:11-0115
v.                           )    Judge Sharp/Bryant
                             )    Jury Demand
NORTH CENTRAL TELEPHONE      )
COOPERATIVE CORPORATION,     )
                             )
        Defendant            )
```

## MEMORANDUM AND ORDER

Defendant has filed its motion for a protective order and stay pending disposition of the motion (Docket Entry No. 32), by which Defendant seeks protection from numerous aspects of Plaintiffs' Rule 30(b)(6) deposition notice. Plaintiffs have filed a response in opposition (Docket Entry No. 42) and Defendant has filed a reply (Docket Entry No. 51).

For the reasons stated below, the undersigned Magistrate Judge **GRANTS** in part and **DENIES** in part Defendant's motion for protective order.

## STATEMENT OF THE CASE

Plaintiffs Teresa Patterson and Nechie Woodard have filed this employment discrimination action against their former employer North Central Telephone Cooperative Corporation ("North Central") pursuant to Title VII of the Civil Rights Act of 1964 and the Tennessee Human Rights Act. Patterson and Woodard, both of whom are white, allege that they have suffered association and advocacy discrimination and retaliation by Defendant as a result of their recommendation that North Central hire Dondi Malone, an African-American (Docket Entry No. 25). North Central has filed its answer

denying liability and asserting affirmative defenses(Docket Entry No. 26).

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

North Central's motion for protective order arises from a Rule 30(b)(6) deposition notice served by Plaintiffs. This deposition notice, which apparently was amended following objections to an earlier notice, lists 37 separate numbered matters for examination, many of which include multiple topics (Docket Entry No. 42-1). Although North Central objects generally to this deposition notice as being over broad, burdensome, and exceeding the scope and purpose of a Rule 30(b)(6) deposition, North Central in its supporting memorandum objects specifically to several numbered categories for examination. Although the undersigned Magistrate Judge observes generally that it appears that much of the information sought by Plaintiffs in this deposition notice could more efficiently be obtained through written interrogatories or requests for production of documents, the undersigned Magistrate Judge will address the specific categories for examination in the sequence presented in North Central's memorandum in support (Docket Entry No. 33).

Category 13. Category 13 in the deposition notice seeks "any and all information" about any racial minority who has applied for a job or has been employed by North Central "since it began in business." North Central objects to the temporal scope of this topic as excessive since North Central apparently "began in business" over 70 years ago (Docket Entry No. 33 at 7). Plaintiffs urge that this information is relevant because they claim that

2

North Central has a long-standing policy of denying employment to African-American applicants. North Central argues that it should be required to provide responsive information only for the period from March 2010 to the present. The undersigned Magistrate Judge finds that the temporal scope of this category is excessive and that Defendant North Central shall produce a witness prepared to testify on the stated matters between the dates of January 1, 2000, until November 14, 2011, the date of the filing of the complaint. This ruling is without prejudice to Plaintiffs' right to serve a written interrogatory seeking information about the identity of other members of racial minorities who have applied for a job with, or been employed by, North Central.

<u>Categories 14, 19 and 23</u>. Categories, 14, 19 and 23 seek to examine a North Central witness regarding various policies and practices of North Central relating to its recruiting and hiring of employees. North Central again objects to the temporal scope of these three requests because they contain no limitation with respect to time and, therefore, could be interpreted as requiring North Central to produce a witness to testify about the stated matters since it began business over 70 years ago. Again, Plaintiffs in response rely upon what they characterize as "the institutionalized racism of Defendant, implemented through a bogus residency requirement in an nearly all white geographic 'Service Area'" (Docket Entry No. 42 at 6). The undersigned Magistrate Judge finds that an unlimited temporal scope to these categories is excessive, since it is likely that no person presently employed at North Central was employed there in a decision-making position

3

Case 2:11-cv-00115   Document 176   Filed 09/17/13   Page 3 of 9 PageID #: 6973

during the early years of the company's existence. Accordingly, the undersigned finds that North Central should provide a witness capable of responding to these three requests, but limited to a period between January 1, 2000, and November 14, 2011.

Category 20. Category 20 seeks certain information regarding charges or threatened charges of employment discrimination or harassment against North Central. North Central apparently has agreed to produce a witness to testify about such information occurring within the last five years. North Central beyond that objects to the temporal scope of this request which, like those discussed previously, contains no limitation as to time. Again, Plaintiffs rely upon what they characterize as North Central's "long history without minority employees, and the long tenure of many of the alleged bad actors in this case" (Docket Entry No. 42 at 8). As before, the undersigned Magistrate Judge finds that having no temporal limitation on this topic of examination is excessive, and therefore that North Central shall provide a witness capable of testifying about the topics listed in Category 20 but from a period between January 1, 2000, to and including November 14, 2011.

Categories 16, 17, 18, and 31. These four requests seek information regarding North Central's recruiting and hiring policies and practices "within the last ten years." Again, North Central objects that this period is too long, that Plaintiff Patterson herself served as Human Resources Manager for most of this time period, and therefore that "no NCTC employee exists with first-hand knowledge of activities dating over 10 years and any

4

designated witness would need to be educated on historical activity, to the extent that any such knowledge is even within the corporate memory of NCTC" (Docket Entry No. 33 at 9). The undersigned Magistrate Judge finds with respect to these categories that the time period of 10 years is not unreasonable. Accordingly, with respect to these four categories, North Central's motion for protective order is **DENIED**.

Category 25. Category 25 seeks "[a]ny and all information about the destruction or failure to preserve data and documents such as emails, recordings, personnel files, or any other documents or records of any nature since Nancy White began working for NCTC." North Central objects to this category initially on a semantic basis, because it interprets this category as requiring an admission that it has wrongfully destroyed evidence or failed to preserve data if it designates a witness in response to this particular request. Nevertheless, North Central apparently has designated two witnesses to testify about its efforts to preserve data and, presumably, its general document retention policy with respect to other particular types of information. In their response, Plaintiffs state that this request is based upon reports that a North Central officer instructed an employee to destroy certain recorded telephone communications and that a North Central officer testified in other litigation that certain computerized calendar information was lost when she changed computers. With respect to Category 25, the undersigned Magistrate Judge finds that North Central should provide a witness capable of describing the company's document retention policy pertaining to emails, telephone

5

recordings, personnel files or other particular categories of records during Nancy White's employment at North Central, as well as any information known to the company regarding the specific recordings or records listed in Plaintiffs' response in opposition (Docket Entry No. 42 at 9-10).

<u>Category 7</u>. Category 7 seeks "[a]ll facts and details regarding the state court lawsuit filed against Ms. Patterson" by North Central. Apparently, there is a pending state court lawsuit filed by North Central against Plaintiff Patterson. Category 7 seeks information related to that lawsuit, including but not limited to "all efforts to perform any due diligence as to the allegations in the Complaint [in the state action] or to determine whether NCTC should be a party to the lawsuit." Other than the characterization by the parties in their motion papers, the undersigned Magistrate Judge is unfamiliar with the claims and defenses in this state action. Although Plaintiffs in Category 7 have at least attempted to limit the information sought to nonprivileged information, the undersigned Magistrate Judge finds that this Court should not be in the business of overseeing or refereeing discovery related to a state court civil action between Defendant North Central and Plaintiff Patterson. Accordingly, the undersigned **GRANTS** North Central's motion for a protective order with respect to Category 7 and finds that North Central should not be required to produce a witness to testify about matters in this category. North Central and Plaintiff Patterson, both of whom are parties to the state court action, should conduct discovery related to that case pursuant to the Tennessee Rules of Civil Procedure.

Category 34. Category 34 seeks "[a]ll facts and information about NCTC's policies, practices and procedures for investigating any complaint by one or more employees against one or more other employees for misconduct including but not limited to harassment, discrimination, physical violence, or property damage." North Central has objected to this request on grounds of vagueness and asserts that this category, as stated, fails to state the topics for examination with reasonable particularity. In their response, Plaintiffs clarify that they intended this topic to elicit information about North Central's policies and practices for conducting investigations when one employee accuses another employee of harassment, discrimination, physical violence, or property damage. Plaintiffs in their response specifically refer to alleged instances of involving Plaintiff Woodard and a reference on page 80 of North Central's employee handbook. Interpreting this added clarification as narrowing the scope of Category 34, the undersigned Magistrate Judge finds that North Central shall produce a witness capable of describing the company's policies, practices and procedures for investigations of complaints of harassment, discrimination, physical violence or property damage by another employee, as those policies, practices and procedures existed between January 1, 2000, and November 14, 2011.

North Central also generally objects to the length of the Rule 30(b)(6) deposition because multiple persons will need to be designated in order to cover the extensive matters of examinations listed in Plaintiffs' deposition notice. North Central argues that the scope of the deposition notice, and the number of different

7

witnesses who will need to be designated in order to respond, will necessarily dictate that the time for completing the deposition will exceed the durational limit of one day of seven hours found in Rule 30(b)(1) of the Federal Rules of Civil Procedure. In response, Plaintiffs rely upon the advisory committee note for the 2000 amendment to the Federal Rules of Civil Procedure, which provides that, for purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered as a separate deposition. The undersigned Magistrate Judge finds that, in accordance with the advisory committee note, each separate witness who is designated to testify under this deposition notice should be considered to be a separate deposition for purposes of this durational limit. Accordingly, to the extent that North Central's motion seeks another shorter durational limit, its motion is **DENIED**. However, this ruling is without prejudice to any party's right to seek a protective order if additional discovery in this case becomes abusive.

      Counsel are generally encouraged to cooperate with each other in the scheduling of further discovery and to conduct their discovery in a manner that is efficient and reasonably calculated to yield the necessary information with the least expenditure of time and money by those involved.

      Consistent with the rulings above in this Memorandum and Order, the undersigned Magistrate Judge **GRANTS** in part and **DENIES** in part Defendant North Central's motion for protective order and stay pending disposition (Docket Entry No. 32).

It is so **ORDERED**.

                                               /s/  John S. Bryant  
                                               JOHN S. BRYANT  
                                               United States Magistrate Judge