UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERESA PATTERSON and ) | |
| NECHIE WOODARD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 2:11-cv-00115 |
| v. ) | |
| ) | Judge Sharp |
| NORTH CENTRAL TELEPHONE ) | |
| COOPERATIVE CORPORATION ) | |
| ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court are two Motions for Summary Judgment submitted by Defendant (Docket Nos. 81 & 86) and three Motions for Partial Summary Judgment submitted by Plaintiffs (Docket Nos. 94, 97, & 100). Each Party has also filed a Motion to Strike. (Docket Nos. 144 & 148). The facts of this case, and the Court's reasoning, are thoroughly set forth in the accompanying Memorandum and supplemented as needed below.

The Court hereby rules as follows:

(1) Defendant's Motion for Summary Judgment as to Plaintiff Nechie Woodard (Docket No. 81) is hereby GRANTED IN PART and DENIED IN PART. The Motion is GRANTED with respect to Plaintiffs' discrimination claim, but DENIED with respect to Plaintiffs' retaliation claim.

(2) Defendant's Motion for Summary Judgment as to Plaintiff Teresa Patterson (Docket No. 86) is hereby GRANTED IN PART and DENIED IN PART. The motion is

1

GRANTED with respect to Plaintiffs' discrimination claim, but DENIED with respect to Plaintiffs' retaliation claim.

(3) Defendant's "Motion to Partially Strike Plaintiffs' Statements of Additional Undisputed Material Facts" (Docket No. 148) is DENIED as MOOT.[1]

(4) Plaintiffs' "Motion for Partial Summary Judgment as to Defendant's Affirmative Defense of Failure to Mitigate" (Docket No. 94) is DENIED.

(5) Plaintiffs' "Motion to Strike Affidavit of Eric Thompson, or in the Alternative, for Sanctions against Defendant" (Docket No. 144) is DENIED as MOOT.[2]

(6) Plaintiffs' Motion for Partial Summary Judgment with Respect to Nechie Woodard's Retaliation Claims (Docket No. 97) is DENIED.

(7) Plaintiffs' Motion for Partial Summary Judgment with Respect to Teresa Patterson's Retaliation Claims (Docket No. 100) is DENIED.

## I. **Motion for Partial Summary Judgment as to Defendant's Affirmative Defense of Failure to Mitigate**

"In Title VII cases, the defendant bears the burden of establishing that the plaintiff lacked diligence in mitigating damages by showing that there were substantially equivalent positions available and that the plaintiff did not diligently pursue those positions." Madden v. Chattanooga City Wide Service Dept., 549 F.3d 666, 680 (6th Cir. 2008) (citing Killian v. Yorozu Auto.

---

[1] Although facts are drawn from submissions made by both Parties, on a motion for summary judgment, all inferences are drawn in the light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S 574, 586 (1986); McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Therefore, Defendant's objections that Plaintiffs' Statements of Additional Material Facts (Docket Nos. 116 & 118) are irrelevant, excessive, or designed to obfuscate the issues, have been noted. The Court has weighed the Statements at issue as appropriate in its summary judgment inquiry. Any further objections may be raised in a motion in limine closer to the date of trial.

[2] The Court did not consider the Affidavit of Eric Thompson in its analysis of summary judgment issues. The Affidavit, along with any testimony of Mr. Thompson or sanctions against Defendant, may be raised in a motion in limine closer to the date of trial.

Tenn., Inc., 454 F.3d 549, 557 (6th Cir. 2006). "The plaintiff is 'only required to make reasonable efforts to mitigate damages, and is not held to the highest standards of diligence.'" Id. (internal quotation marks omitted). This inquiry takes into account the "individual characteristics of the [plaintiff] and the job market." Id. (internal quotation marks omitted). In this case, evidence on the record raises questions as to whether Plaintiffs made a reasonable effort to find equivalent positions.[3]

After her termination from NCTC in March 2010, Plaintiffs claim Ms. Patterson applied to no less than fourteen positions. (Docket No. 109 at 2). Despite the difficult economic climate, she was hired as Human Resources Manager with Lowe's Companies, Inc. in June 2011 and remains presently employed there.

Defendant contends Plaintiffs have failed to provide sufficient documentation regarding Ms. Patterson's job search to support a credible assertion that she made a reasonable effort to find alternate employment. Six applications submitted by Ms. Patterson to various employers were produced in response to third party subpoena applications, including her application to Lowes. (Docket No. 155-1). Of these, Ms. Patterson submitted the earliest completed application in February 2011, almost a year after her termination from NCTC. (Docket No. 155-1 at 3).

With regard to Mr. Woodard, Defendant notes the period of time between his departure from U.S. Pest Protection in February 2011 and the opening of his business, a safety supply store, in December 2012. (Docket No. 108 at 4). The Parties dispute the veracity of Mr. Woodard's claim that he worked as a drop shipper, either self-employed or for the company Action Alert, during this time. (Docket No. 155 at ¶ 16).

---

[3] Defendant's Answer to First Amended Complaint sets forth, among its affirmative defenses, "Defendant is entitled to an offset to any damages to which Plaintiffs are entitled for actual wages received by Plaintiffs or to the extent that Plaintiffs otherwise failed to mitigate their damages." (Docket No. 26 at 11).

The Court construes the evidence in the light most favorable to the nonmoving party, see Matsushita, 475 U.S. at 587, and finds Defendant has raised genuine issues as to each Plaintiff's efforts to find alternative employment and mitigate damages. Thus, Plaintiffs' Motion for Partial Summary Judgment with Respect to Failure to Mitigate Defense (Docket No. 94) is DENIED.

II. **Plaintiffs' Motion for Partial Summary Judgment with Respect to Nechie Woodard's Retaliation Claims; Plaintiffs' Motion for Partial Summary Judgment with Respect to Teresa Patterson's Retaliation Claims**

As detailed in the accompanying Memorandum, Plaintiffs have established a prima facie retaliation case for the purposes of surviving Defendant's summary judgment motion and Defendant has offered legitimate, nondiscriminatory justification for the challenged actions. See Virts v. Consol. Freightways Corp., 285 F.3d 508, 521 (6th Cir. 1999). The Court finds the evidence of retaliation is not so clear as to indicate "there is no genuine dispute as to any material fact" and Plaintiffs are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Therefore, Plaintiffs' Motion for Partial Summary Judgment with Respect to Nechie Woodard's Retaliation Claims (Docket No. 97) and Motion for Partial Summary Judgment with Respect to Teresa Patterson's Retaliation Claims (Docket No. 100) are DENIED.

It is so ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE